UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-399 PA (PLAx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | D.D. v. Los Angeles Unified School District | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss (Docket No. 37 "Motion") filed by defendant Los Angeles Unified School District ("Defendant" or "District") challenging the sufficiency of the First Amended Complaint ("FAC") filed by plaintiff D.D. ("Plaintiff"), by and through his guardian ad litem, Michaela Ingram.  Plaintiff filed an Opposition.  (Docket No. 39.)  Defendant filed a Reply.  (Docket No. 42.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for June 17, 2019, is vacated, and the matter taken off calendar.

## I.  Factual and Procedural Background

According to the FAC, Plaintiff is eight years old and has been diagnosed with attention deficit hyperactivity disorder ("ADHD"), which interferes with his ability to learn and qualifies him for special education services.  "His disability-related behaviors ranged from being off-task and impulsive to being physically aggressive toward peers and adults."  (FAC ¶ 9.)  Plaintiff has attended three different schools, and at various times "requested reasonable accommodations from District, including a one-to-one behavior aide, so that he could have equal access to his public education, and the programs and services offered by LAUSD to the same extent as his peers without disabilities.  District refused those requests, and instead excluded D.D. from school and all of the programs and services made available to others without disabilities."  (FAC ¶ 3.)  The District failed to address Plaintiff's behavioral needs and instead discriminated against him "by removing him from his classroom[,] sending him home early on multiple occasions, and requiring a parent to attend school with D.D. to serve as his one-to-one aide instead of providing one."  (FAC ¶ 4.)  District staff, teachers, and students have also taunted and injured Plaintiff.

On March 7, 2018, Plaintiff's legal guardian filed a request for a due process hearing before the Office of Administrative Hearings ("OAH") and later settled with the District. Plaintiff then brought this action, originally bringing two claims against the District for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-399 PA (PLAx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | D.D. v. Los Angeles Unified School District | | |

violations of the Americans with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act. Defendant filed a Motion to Dismiss Plaintiff's original Complaint, which this Court denied as moot after Plaintiff filed an FAC. In the FAC, Plaintiff brings one claim under the ADA seeking damages. Defendant then filed this Motion under the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on Plaintiff's failure to exhaust his administrative remedies.

**II.     Legal Standards**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules of Civil Procedure ("Rules") allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (second alteration in original) (quoting Conley). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. Cty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-399 PA (PLAx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | D.D. v. Los Angeles Unified School District | | |

provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### III. Request for Judicial Notice

Defendant filed a Request for Judicial Notice (Docket No. 38) of Plaintiff's Request for a Due Process Hearing and the Notice of Dismissal of the administrative action, which Plaintiff has not opposed. The Court grants Defendant's request. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record); Paul G. v. Monterey Peninsula Unified Sch. Dist., 256 F. Supp. 3d 1064, 1071 (N.D. Cal. 2017) (taking judicial notice of a due process complaint and notice of dismissal "because they are records of an administrative agency") (citing Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986)).

### IV. Discussion

Defendant argues that Plaintiff's FAC effectively alleges a denial of a free and appropriate education ("FAPE") and as such, Plaintiff was required to—but failed to—exhaust his administrative remedies under the Individuals with Disabilities Education Act ("IDEA"). Plaintiff argues that this action is about equal access guaranteed by the ADA because Plaintiff alleges he was excluded from the classroom, so exhaustion under the IDEA is not required.

The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education." 20 U.S.C. § 1400(d)(1)(A). Section 1415(l) of the IDEA requires a plaintiff to exhaust the IDEA's administrative procedures before filing an action under the ADA or Rehabilitation Act when "her suit 'seek[s] relief that is also available' under the IDEA." Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 752, 197 L. Ed. 2d 46 (2017). The Supreme Court held in Fry that seeking relief available under the IDEA means the suit seeks relief for the denial of a FAPE. Id. In deciding whether a complaint seeks relief for denial of a FAPE, and thus whether exhaustion is required, courts look at the gravamen of a plaintiff's complaint, "setting aside any attempts at artful pleading." Id. at 755. The Court provided hypothetical questions for courts to answer in considering this issue:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library? And second, could an adult at the school—say, an employee or visitor—have pressed essentially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-399 PA (PLAx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | D.D. v. Los Angeles Unified School District | | |

> the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward. But when the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

Id. at 756.

Here, the FAC effectively alleges denial of a FAPE, despite the fact that the term was never explicitly used in the FAC. See id. at 755 ("The use (or non-use) of particular labels and terms is not what matters. The inquiry, for example, does not ride on whether a complaint includes (or, alternatively, omits) the precise words . . . 'FAPE' or 'IEP.'"). Plaintiff alleges in the FAC that the District denied him reasonable accommodations, including a one-to-one behavior aide, and failed to address his behavioral needs. While Plaintiff attempts to recharacterize these allegations in his Opposition as claims of exclusion, "in essence [Plaintiff is] contesting the adequacy of a special education program." Id. Plaintiff's requests for the District to support his behavioral needs could not be brought against a public library, nor could an adult plaintiff bring the same claims against the District. "The Supreme Court also noted that the 'history of the proceedings' might shed light on whether a plaintiff's claims concern denial of a FAPE, particularly in cases where 'a plaintiff has previously invoked the IDEA's formal procedures to handle the dispute.'" L.D. v. Los Angeles Unified Sch. Dist., No. CV168588MWFMRWX, 2017 WL 1520417, at *2 (C.D. Cal. Apr. 26, 2017) (citing Fry, 137 S. Ct. at 757). Here, Plaintiff did previously seek a due process hearing based on the same alleged conduct in this action, which further supports the conclusion that Plaintiff's FAC effectively seeks a remedy under the IDEA.

Plaintiff argues that because he only seeks damages, which are not available in administrative proceedings before the OAH, he is not required to exhaust his administrative remedies. The Supreme Court in Fry did not consider whether exhaustion is required when a plaintiff specifically requests a remedy, such as money damages, that the IDEA hearing officer does not have the power to award. 137 S. Ct. at 752 n.4. However, district courts within this Circuit have held a plaintiff must still exhaust administrative proceedings when a plaintiff's request for damages stem from the alleged deprivation of a FAPE. See S.B. by & through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-399 PA (PLAx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | D.D. v. Los Angeles Unified School District | | |

Kristina B. v. California Dep't of Educ., 327 F. Supp. 3d 1218, 1247 (E.D. Cal. 2018); Paul G. v. Monterey Peninsula Unified Sch. Dist., No. 16-CV-05582-BLF, 2018 WL 2763302, *7–*8 (N.D. Cal. June 8, 2018).  The Court agrees with the analysis in S.B. and Paul G. and concludes Plaintiff was required to exhaust his administrative remedies before bringing suit for damages under the ADA.

After Plaintiff filed his due process complaint before the OAH, he settled with the District.  Section 1415(l) requires a plaintiff to participate in a due process hearing and, if applicable, an appeal before filing suit.  See 20 U.S.C. § 1415(l) ("[T]he procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter."); Soto v. Clark Cty. Sch. Dist., 744 F. App'x 529, 530 (9th Cir. 2018) ("Subsection (f) sets forth procedures for an impartial due process hearing, and subsection (g) provides a mechanism for appeal of a due process hearing decision.  Those procedures were not exhausted within the meaning of § 1415(l) because, pursuant to the settlement agreement, Appellant explicitly withdrew her request for an impartial due process hearing, with prejudice."); Paul G., 256 F. Supp. 3d at 1077–78 ("The Court further recognizes that Paul made the difficult decision to settle with the District rather than proceed with a full OAH hearing, a decision that was also made by the plaintiff in Rivera.  Nevertheless, this does not obviate the exhaustion requirement and similar to the reasoning set forth in Rivera, Paul "must bear the consequences that flow from [the decision to settle]." (quoting Rivera v. Fremont Union High Sch. Dist., No. 5:12-CV-05714-EJD, 2013 WL 4674831, at *3 (N.D. Cal. Aug. 30, 2013)).  Thus, Plaintiff has not exhausted his administrative remedies, and the Court must dismiss this action.

## Conclusion

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss and dismisses Plaintiff's FAC without prejudice.  The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.